**UNITED STATES of America**
v.
**Carl E. HINTON, Appellant.**

**UNITED STATES of America**
v.
**Eugene COOPER, Appellant.**
**Nos. 23085, 23086.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 23, 1970.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(c) (1964).

Mr. William L. Kaplan, Hyattsville, Md. (appointed by this Court) was on the brief for appellants.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Kenneth M. Robinson, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, TAMM, Circuit Judge, and CHRISTENSEN,* U. S. District Judge, District of Utah, in Chambers.

PER CURIAM:

Appellants were tried jointly and convicted by jury verdict of second degree burglary and grand larceny. On this appeal they attack an in-custody identification under non-lineup circumstances following their arrest and in the absence of counsel, which allegedly furnished the basis of their identification in court.

Although the case has been accorded full consideration on the record and briefs, no need for argument or detailed opinion is found here.

The question of the in-court personal identification was imported into the case through the cross-examination by appellants' counsel of the government's main witness whose related testimony on direct had been rather narrowly confined to the appearance of certain clothing observed at the time of the crime and at the time of a scene-of-arrest confrontation. Assuming that appellants now have standing to complain, we believe that the scene-of-arrest identification, if it may be called that, shortly following the crime was warranted under the particular circumstances of this case, was not unduly suggestive, and the doctrine of Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969), is controlling. See also Stewart v. United States, 135 U.S.App.D.C. 274, 418 F.2d 1110 (1969), and Solomon v.

United States, 133 U.S.App.D.C. 103, 408 F.2d 1306 (1969).

Accordingly, the judgments of the District Court are

Affirmed.